## INTERSTATE COMMERCE COMMISSION
### *v.* BALTIMORE & OHIO RAILROAD CO. ET AL.

No. 463.   Decided December 9, 1957.*

*Robert W. Ginnane* and *Isaac K. Hay* for appellant in No. 463.

*Guernsey Orcutt, Richard R. Bongartz* and *William Pepper Constable* for appellant in No. 464.

---

*Together with No. 464, *Pennsylvania Railroad Co. v. Baltimore & Ohio Railroad Co. et al.;* No. 465, *Erie Railroad Co. et al.* v. *Baltimore & Ohio Railroad Co. et al.;* No. 466, *New York Central Railroad Co.* v. *Baltimore & Ohio Railroad Co. et al.;* No. 467, *Armco Steel Corp. et al.* v. *Baltimore & Ohio Railroad Co. et al.;* No. 468, *Delaware River Port Authority et al.* v. *Baltimore & Ohio Railroad Co. et al.;* and No. 473, *United States* v. *Baltimore & Ohio Railroad Co. et al.,* also on appeals from the same Court.

*Sidney Goldstein, Francis A. Mulhern, Arthur L. Winn, Jr., J. Stanley Payne* and *Samuel H. Moerman* for appellants in No. 465.

*Robert D. Brooks* and *Richard J. Murphy* for appellant in No. 466.

*John F. Donelan* for appellants in No. 467.

*Warren Price, Jr.* for the Delaware River Port Authority, *David Berger* for the City of Philadelphia, and *Frederick H. Knight* for the Chamber of Commerce of Greater Philadelphia, appellants in No. 468.

*Solicitor General Rankin, Assistant Attorney General Hansen* and *Daniel M. Friedman* for the United States, appellant in No. 473.

*Edwin H. Burgess, Anthony P. Donadio, Norman C. Melvin, Jr., William C. Purnell* and *Jervis Langdon, Jr.* for the Baltimore & Ohio Railroad Co. et al., *William L. Marbury* for the Maryland Port Authority, *Harry C. Ames* and *Charles McD. Gillan* for the Baltimore Association of Commerce, *Francis D. Murnaghan, Jr.* for the Canton Railroad Co. and *Thomas N. Biddison* for the Mayor and City Council of Baltimore, appellees.

PER CURIAM.

This litigation involves the validity of an order of the Interstate Commerce Commission dealing with the proper relationship, under the National Transportation Policy (§ 1 of the Transportation Act of 1940, 54 Stat. 899, 49 U. S. C., at p. 7107), of railroad tariffs on imported iron ore shipped to a steel-producing area in Pennsylvania, Ohio and West Virginia (the so-called "differential territory" of the Central Freight Association) from the ports of New York, Philadelphia and Baltimore. A tariff differential in favor of Baltimore had existed prior to this

controversy. In a succession of tariff reductions, railroads serving New York and Philadelphia filed schedules designed to establish parity of rates among the several ports, while railroads serving Baltimore filed schedules designed to maintain the differential. Upon protest against the New York and Philadelphia schedules by Baltimore civic and commercial interests and railroads serving that port, the Interstate Commerce Commission instituted an investigation as a result of which Division 2 of the Commission filed a report approving the tariff schedules giving Philadelphia parity with Baltimore but finding all other schedules that had been issued in this series of reductions to be not just and reasonable. 291 I. C. C. 527. On petition of various parties, the Commission reopened the proceedings, and on October 1, 1956, the full Commission modified the findings of the Division 2 report to the extent of finding the New York schedules, as well as the Philadelphia schedules, to be just and reasonable, 299 I. C. C. 195. The full Commission's order was challenged in a proceeding instituted under 28 U. S. C. § 1336, and an appropriate District Court held that the Commission's approval of parity between New York and Baltimore was without basis in the record and ordered that portion of the Commission's order vacated. The court further held that the Commission's approval of parity between Philadelphia and Baltimore was not supported by essential findings as to ocean freight costs and anticipated traffic and remanded that portion of the Commission's order for more explicit findings. The court also granted other relief subsidiary to these actions. 151 F. Supp. 258. These are the only portions of the decision below with which we are here concerned. We put to one side those provisions of the decree below in which the District Court affirmed other portions of the Commission's order.

From what appears, it is not precluded that the Commission may find an interrelationship, within the purview of the National Transportation Policy, *supra,* among lawful tariffs to be established between these three ports and the "differential territory." In this light we deem it appropriate that, in reconsidering the relationship between the Philadelphia and Baltimore schedules pursuant to the remand of the District Court, the Commission should be free to reconsider and take action upon the New York schedules. In carrying out the District Court's direction regarding the Philadelphia rates, the Commission should be permitted to take into account the effect of New York rates on the tariff relationship between Philadelphia and Baltimore and the effect of that relationship on New York and to enter such orders with respect to all three ports as the Commission may find to be required by their interrelationship. Accordingly, on the appeals before us, so much of the decree of the District Court as did not affirm the order of the Commission is vacated, and the cause is remanded for appropriate disposition not inconsistent with this opinion.

*It is so ordered.*

THE CHIEF JUSTICE and MR. JUSTICE BLACK would affirm the judgment of the District Court.